UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY M. BARTLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK N.A., et al.,<br><br>    Defendants. | Case No. 17-cv-07360-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REMAND**<br><br>Docket No. 9 |

    This dispute arises out of a wrongful foreclosure action in the Contra Costa Superior Court brought by Plaintiff Roy M. Bartlett against several defendants, including Citibank ("Citi") and Ms. Patera. Mr. Bartlett and Ms. Patera jointly owned the home, and Mr. Bartlett was required by the Superior Court to name Ms. Patera as a nominal defendant. Ms. Patera filed the notice of removal in this case. It is not the first time she has removed the case to federal court. She did so previously in *Bartlett v. Citibank N.A., et al.*, Case No. 17-cv-00712-EMC (N.D. Cal.) ("*Bartlett I*"), and this Court ordered the case remanded, finding that "none" of Ms. Bartlett's bases for removal "has merit," and that she lacked an "objectively reasonable" basis for removal. *See Bartlett I*, Docket No. 26 at 5, 10. The Court determines that this matter may be determined without oral argument, *see* Civil L.R. 7-1(b), and hereby **VACATES** the March 8, 2018 hearing.

    The Court first analyzes whether removal was proper and then considers Citi's request for an award of costs, including attorney fees. For the reasons below, the matter will be remanded to Contra Costa Superior Court and Ms. Patera is ordered to pay Citi $1,687.50 in attorney fees.

A. <u>Whether Removal Was Improper and Remand Should Be Ordered</u>

    Ms. Patera lacked any basis to remove the case the first time, and she lacks any basis to do so the second time, too.

First, removal under 28 U.S.C. § 1441 (federal question) is clearly untimely and, in any case, improper. A notice of removal must be filed within 30 days after the defendant's receipt of a pleading from which it may be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b)(3). Ms. Patera was named as a defendant in August 2016 and served in September 2016, but did not attempt removal the first time until February 2017; her first notice was therefore untimely. *See Bartlett I*, Docket No. 26 at 5-6. Her *second* notice of removal was filed in December 2017, over a year after service. This was also untimely. Further, Ms. Patera did not obtain the consent of her co-defendants (including Citi) before seeking removal, as required. *See* 28 U.S.C. § 1446(b)(2)(A). Moreover, the underlying action includes only common law claims related to wrongful foreclosure under state law, and does not present a federal question. Ms. Patera's counter-claims cannot establish federal question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002).

Second, Ms. Patera's assertion of removal jurisdiction under 28 U.S.C. § 1443 is meritless. The first prong of the statute permits removal of a pending state court civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.*(1).[1] The Court already determined that Ms. Patera's attempt to assert jurisdiction on this basis under her first notice of removal was "without merit." *See Bartlett I*, Docket No. 26 at 8. The Court explained that jurisdiction may be had under this statute only if she could identify "a state statute or constitutional provision that purports to command the state courts to ignore federal rights." *Id.* at 8. She has not attempted to identify such a statute. The Court also explained she had failed to identify "an equivalent basis . . . for an equally firm prediction that [s]he would be 'denied or cannot enforce' the specified federal rights in the state court." *Id.* (citing *Georgia v.*

---

[1] The second prong under 28 U.S.C. § 1443 permits removal of a pending civil action brought "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*(1)-(2). As the Court previously explained, this only provides a basis for jurisdiction in cases brought against federal officers or persons assisting officers performing their duties under a federal civil rights law, which plainly is not the case here. *See Bartlett I*, Docket No. 26 at 8 (citing *Sankary v. Ringgold*, 601 Fed. Appx. 529, 530 (9th Cir. 2015)).

1  *Rachel*, 384 U.S. 780, 804 (1966). She has not done so here because she only makes a general
2  claim her rights have been violated without a specific explanation or identifying any order causing
3  violation of her federal civil rights. Her notice of removal says only that "[o]n December 11, 2017
4  and December 21, 2017, documents were filed in this case that supported removal of this case to
5  the federal court under a civil rights violation," Docket No. 1 ¶ 26, but she does not identify those
6  documents or discuss them in her opposition brief. She has not met her burden to demonstrate
7  removal jurisdiction.

8  The Court therefore will order the case remanded to Contra Costa Superior Court.

9  B.   Whether Costs Should Be Awarded

10  CitiBank also requests the Court award costs and expenses, including attorney fees, caused
11  by the improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require
12  payment of just costs and any actual expenses, including attorney fees, incurred as a result of the
13  removal."). Such costs may be awarded "only where the removing party lacked an objectively
14  reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136
15  (2005). Previously, the Court declined to make such an award. Although the Court recognized
16  that "Ms. Patera's removal was not objectively reasonable," it exercised its discretion to conclude
17  that a fee was not warranted in light of Ms. Patera's pro se status and the lack of any indication
18  that Ms. Patera removed the case in bad faith. *See Bartlett I*, Docket No. 26 at 10.

19  As before, Ms. Patera's removal here lacked an objectively reasonable basis. However,
20  this time, Ms. Patera was on notice of the Court's earlier conclusion that there was no basis for
21  removal jurisdiction under 28 U.S.C. §§ 1441 or 1443. She has not cited any new facts or case-
22  law in this round that would materially alter the analysis. Although she has cited *Artis v. District*
23  *Court of Columbia*, 583 U.S. ___ (2018), that case has nothing to do with the scope of federal
24  jurisdiction; rather, it held that the statute of limitations for state law claims in cases involving
25  supplemental jurisdiction is suspended for the duration of federal proceedings, which Ms. Patera
26  appears to recognize. *See* Patera Decl. ¶ 4 ("This Opinion was issued in *Artis v. District of*
27  *Columbia,* holding that tolling occurred while federal case is pending."). Moreover, Ms. Patera's
28  notice of removal was filed on December 29, 2017, before *Artis* was decided. *Artis* therefore

could not have been a basis for her filing.

In light of Ms. Patera's filing of a second notice of removal defective for the same reasons as her first notice and her inability to present a credible reason why she believed the law or factual circumstances had changed in her favor, the Court concludes an award of just costs and expenses is merited. Citi claims attorney fees of $3,375 in opposing removal and seeking remand, and projects $1,125 in additional fees associated with replying to Ms. Patera's motion. *See* Mot. at 16; Nguyen Decl. ¶ 18. This is based on an hourly rate of $225 with "no less than" 15 hours devoted to "review[ing] Patera's Notice of Removal and exhibits, Patera's declarations and exhibits, review of U.S. District Court proceedings, legal research, and drafting the Motion for Remand and supporting papers and exhibits." Nguyen Decl. ¶ 18. An additional 5 hours were "anticipated" in "replying to Patera's opposition to the Motion for Remand, and preparation for and appearance at the motion hearing." *Id.*

The Court exercises its discretion to make downward adjustments. In particular, preparation and appearance at a hearing is no longer necessary because the Court resolves the issue on the papers. Further, although the Court acknowledges that Ms. Patera's filings are voluminous and meandering and thus may require additional time to review, the legal issues were not complex. Nor were they different from those raised in connection with Ms. Patera's initial filings. In April 2017, Citi, represented by the same attorney, spent "no less than 20 hours" on its initial review and anticipated "an additional 12 hours" preparing a reply and for a hearing, for a total of $7,200 in attorneys' fees. *See Bartlett I*, Docket No. 10-1, ¶ 18. In light of the substantial work that Citi's attorney performed in connection with the first notice of removal, it was unreasonable to spend an additional 15 hours in connection with this motion, particularly since the issues were virtually identical, were briefed less than one year ago, and were litigated by the same attorney. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("The court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work . . . ."). In addition, other than counsel's declaration, no contemporaneous time records have been submitted to the Court. *See Ackerman v. Western Elec. Co., Inc.*, 643 F.Supp. 836, 863 (N.D. Cal. 1986) ("In the absence of contemporaneous time records, the court in its discretion may

4

deny an award of attorney's fees. Denial is not mandatory, however. . . . [T]he Ninth Circuit requires only that the affidavits be sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award."). The affidavit sets forth the work performed but in a "block billing" style that does not permit the Court to analyze how much time was spent on each particular task and whether it was reasonable. Nevertheless, the Court recognizes that *some* work, including legal research (to ensure the case-law had not changed), drafting, and review of the filings had to be performed. The Court also recognizes the need to deter future frivolous removal notices from Ms. Patera. The Court therefore exercises its discretion to award only 50% of the time actually spent ($3,375 for 15 hours, Nguyen Decl. ¶ 18), – $1,687.50, in expenses (*i.e.*, attorney fees).

C.  Conclusion

Citi's motion is **GRANTED**. The Clerk of the Court is ordered to **REMAND** the case to the Contra Costa Superior Court and to close this matter. Ms. Patera is **ORDERED** to pay Citi $1,687.50 pursuant to 28 U.S.C. § 1447(c).

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: March 7, 2018

_____
EDWARD M. CHEN
United States District Judge